UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRA M. HAGINS,

Petitioner,

v.

JOHN GAY, WARDEN,

Respondent.

Case No. C06-5676FDB-KLS

ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE

This matter is before the Court on petitioner's filing of a motion for stay and abeyance (Dkt. #3) of the petition for writ of *habeas corpus* he filed pursuant to 28 U.S.C. § 2254 (Dkt. #1). Having reviewed petitioner's motion and the remainder of the record, the Court hereby finds and ORDERS as follows:

The exhaustion of state court remedies is a prerequisite to the granting of a petition for a federal writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). In addition, when a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976). Thus, rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Accordingly, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 125 S. Ct. 1528,

1532-33 (2005).

Such mixed petitions instead "must be dismissed for failure to completely exhaust available state remedies." Jefferson v. Budge, 419 F.3d 1013, 1015-1016 (9th Cir. 2005) (citing Rose v. Lundy, 455 U.S. 509, 518-22 (1982)). Before doing so, however, generally the Court is required to provide the petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id.; see also Rhines, 544 U.S. at 278; Tillema v. Long, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims).

Here, petitioner's federal *habeas corpus* petition, by his own admission, contains an unexhausted claim, with respect to which petitioner currently has a state personal restraint petition pending in state court. In that claim, petitioner asserts his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process were violated. Specifically, he alleges his counsel failed to notify him that if he was convicted, "he would be sentenced as a persistent offender with a Mandatory minimum sentence of life without the possibility of parole." Petition, Ground 5.

Ordinarily, therefore, the Court would require petitioner to chose either to return to state court to exhaust the above claim or to proceed with this matter by presenting the Court with only those claims that have been fully exhausted. Petitioner though has moved for a stay and abeyance of the petition he filed with this Court until his pending state court personal restraint petition is resolved. "District courts do ordinarily have authority to issue stays, . . . where such a stay would be a proper exercise of discretion." Rhines, 544 U.S. at 276 (internal citation omitted). A stay and abeyance in federal *habeas corpus* cases, however, "should be available only in limited circumstances." Id. at 277.

As the United States Supreme Court explained:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. In addition, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id. at 278. Thus, it likely is "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. Finally, "[e]ven where stay and abeyance is appropriate," a mixed petition "should not be stayed indefinitely." Id.

While the Court does not find petitioner's unexhausted claim to be plainly meritless on its face and there is no clear indication he has engaged in abusive litigation tactics or intentional delay, petitioner has not yet shown good cause for his failure to exhaust that claim first in state court. Petitioner states that the Washington State Supreme Court denied the direct appeal of his conviction and sentence on January 14, 2005. He then filed his first personal restraint petition with the Washington State Court of Appeals on December 27, 2005. That petition was denied on October 18, 2006. Petitioner filed his second personal restraint petition – the one currently pending in state court – on July 25, 2006.

Thus, as can be seen, nearly a year passed between the time petitioner's direct appeal finally was denied by the Washington State Supreme Court and when he filed his first personal restraint petition. He further waited another nearly ten months after filing his first personal restraint petition before filing his second such petition. Petitioner appears to contend that the delay in filing his personal restraint petitions was due at least in part to his having been transferred between institutions four different times. Three of those times, however, appear to have occurred in 2003, well before even the date of the final dismissal of his direct appeal. In addition, while petitioner may have been transferred once more in early August 2005, he had well over six months prior thereto in which to file his personal restraint petitions, and then waited nearly five more months before filing his first such petition.

Accordingly, because neither petitioner's petition nor his motion for stay and abeyance establishes he had good cause for failing to exhaust the above referenced claim, the Court will not grant his motion at this time. Instead, the Court shall grant petitioner an additional thirty (30) days in which to respond to this order, explaining why he did not seek to exhaust that claim earlier. Petitioner's response shall be filed with the Court by **no later than January 5, 2007**. The Clerk, therefore, shall re-note petitioner's motion for stay and abeyance (Dkt. #3) for **January 12, 2007**.

Petitioner should be aware, however, that should his response be found to be insufficient in terms of establishing good cause, his petition will be treated as a mixed petition, containing both exhausted and unexhausted federal claims. In that case, petitioner will be required to chose between "returning to state

court to exhaust his" remaining unexhausted claim or "amending or resubmitting" his petition "to present only those claims that have been fully exhausted. Jefferson, 419 F.3d at 1016.

The Clerk shall send a copy of this Order to petitioner.

DATED this 5th day of December, 2006.

Karen L. Strombom
United States Magistrate Judge