UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRA M. HAGINS,

              Petitioner,

   v.

JOHN GAY, WARDEN,

              Respondent.

Case No. C06-5676FDB-KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE

    This matter is before the Court on petitioner's response (Dkt. #7) to the Court's order to show cause (Dkt. #6) regarding his motion for stay and abeyance (Dkt. #3) of the petition for writ of *habeas corpus* he filed pursuant to 28 U.S.C. § 2254 (Dkt. #1). Having reviewed petitioner's response and the remainder of the record, the Court hereby finds and ORDERS as follows:

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for a federal writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). In addition, when a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976). Thus, rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Accordingly, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273

ORDER
Page - 1

1 (2005).

2   Such mixed petitions instead "must be dismissed for failure to completely exhaust available state remedies." <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1015-1016 (9th Cir. 2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982)).  Before doing so, however, generally the Court is required to provide the petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." <u>Id.</u>; see also <u>Rhines</u>, 544 U.S. at 278; <u>Tillema v. Long</u>, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims).

  As discussed in the Court's prior order to show cause, petitioner's federal *habeas corpus* petition, by his own admission, contains an unexhausted claim, with respect to which petitioner currently has a state personal restraint petition pending in state court.  In that claim, petitioner asserts his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process were violated. Specifically, he alleges his counsel failed to notify him that if he was convicted, "he would be sentenced as a persistent offender with a Mandatory minimum sentence of life without the possibility of parole." Petition, Ground 5.

  Ordinarily, therefore, petitioner would be required to chose either to return to state court to exhaust the above claim or to proceed with this matter by presenting the Court with only those claims that he had fully exhausted.  As noted above, however, petitioner has moved for a stay and abeyance of the petition he filed with this Court until his pending state court personal restraint petition is resolved. "District courts do ordinarily have authority to issue stays, . . . where such a stay would be a proper exercise of discretion." <u>Rhines</u>, 544 U.S. at 276 (internal citation omitted).  A stay and abeyance in federal *habeas corpus* cases, however, "should be available only in limited circumstances." <u>Id.</u> at 277.

  As the United States Supreme Court explained:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.   Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

<u>Id.</u> In addition, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." <u>Id.</u> at 278.  Thus, it likely is "an abuse of discretion for a district court

ORDER
Page - 2

to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.  Finally, "[e]ven where stay and abeyance is appropriate," a mixed petition "should not be stayed indefinitely." Id.

In the prior order to show cause, the Court explained that while petitioner's unexhausted claim did not appear to be plainly meritless on its face and there was no clear indication he had engaged in abusive litigation tactics or intentional delay, he had not yet shown good cause for his failure to exhaust that claim first in state court.  The Court noted that petitioner had stated in his petition that the Washington State Supreme Court denied the direct appeal of his conviction and sentence on January 14, 2005.  He filed his first personal restraint petition with the Washington State Court of Appeals on December 27, 2005.  That petition was denied on October 18, 2006.  Petitioner filed his second personal restraint petition – the one currently pending in state court – on July 25, 2006.

Thus, nearly a year had passed between the time petitioner's direct appeal finally was denied by the Washington State Supreme Court and when he filed his first personal restraint petition.  He further waited another nearly ten months after filing his first personal restraint petition before filing his second such petition.  Petitioner appeared to contend that the delay in filing his personal restraint petitions was due at least in part to his having been transferred between institutions four different times.  The Court noted, however, that three of those times appeared to have occurred in 2003, well before the date of the final dismissal of his direct appeal.  In addition, while petitioner may have been transferred once more in early August 2005, he still had well over six months prior thereto in which to file his personal restraint petitions, and then waited nearly five more months before filing his first such petition.

As such, because neither petitioner's petition nor his motion for stay and abeyance established he had good cause for failing to exhaust the above referenced claim, the Court declined to grant his motion at that time.  Instead, the Court provided petitioner with an additional thirty days in which to respond to the order to show cause, explaining why he did not seek to exhaust that claim earlier.  He also was warned that should his response be found to be insufficient in terms of establishing good cause, his petition would be treated as a mixed petition, containing both exhausted and unexhausted federal claims.  In that case, he would be required to chose between "returning to state court to exhaust his" remaining unexhausted claim

or "amending or resubmitting" his petition "to present only those claims that have been fully exhausted. Jefferson, 419 F.3d at 1016.

Petitioner filed a response to the Court's prior order to show cause on December 26, 2006. (Dkt. #7). In that response which he notes as a motion, petitioner claims his father retained the services of an attorney in January 2005, who agreed to review petitioner's case and file a personal restraint petition on his behalf. Petitioner states that he relied on this attorney for support and advice concerning violations of his constitutional rights, and that at some point in 2005, the attorney advised him "of the January 2006 deadline." Motion to Show Cause Regarding Petitioner's Motion for Stay and Abeyance ("Response"), p. 2 (Dkt. #7). He states that the attorney warned petitioner's father of this deadline again in early December 2005, but stated that she needed more money to proceed with petitioner's case.

Petitioner asserts he was of the understanding that this attorney was working on his personal restraint petition and assumed "ALL of his issues" would be included therein. Response, p. 3 (emphasis in original). Apparently some time around December 2005, the attorney withdrew from representation of petitioner. Petitioner states that because of this, he "was placed in extreme turmoil." Id. Petitioner states he then attempted to obtain help from other inmates, but all were reluctant to help for fear of retaliation from prison officials. Petitioner states he did find one inmate willing to help him file his first personal restraint petition in late December 2005, and another who helped him file his second such petition in late July 2006.

Although, as discussed above, Rhines requires a showing of good cause before a stay and abeyance will be granted, the United States Supreme Court did not provide a definition of what would satisfy that requirement. See Riner v. Crawford, 415 F.Supp.2d 1207, 1209 (D. Nev. 2006); Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1206 (C.D. Cal. 2005). Further, as noted by the district court in Riner:

> Various [district] courts have adopted the standard for cause applicable to procedural defaults[1] which requires that some "objective factor external to the defense" made it

---

[1] A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state remedies and the state's highest court would now find the claim to be procedurally barred. Coleman, 501 U.S. 735 n.1. Only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," will he or she be entitled to federal *habeas corpus* review. See Boyd v. Thompson, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750). To satisfy the "cause" prong, the petitioner must show that "some objective factor external to the defense" prevented him or her from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

>    impossible to bring the claim earlier in the state court proceedings as required by
>    *Coleman v. Thompson*, 501 U.S. 722, 755 (1991).

415 F.Supp.2d at 1209-10.  For example, in adopting this standard, the district court in <u>Hernandez</u> found the law was "well-developed regarding the showing necessary to satisfy the analogous requirement that a habeas petitioner demonstrate 'cause' to excuse a failure to exhaust in the context of procedural default." 397 F.Supp.2d at 1206.

Other courts, however, including a recent decision from the Ninth Circuit Court of Appeals, have concluded that "the cause standard of *Rhines* requires a lesser showing than that for procedural default." <u>Riner</u>, 415 F.Supp.2d at 1210.  Indeed, in <u>Jackson v. Roe</u>, 425 F.3d 654 (9th Cir. 2005), the Ninth Circuit held expressly that "the application of an 'extraordinary circumstances' standard does not comport with the 'good cause' standard prescribed by *Rhines*." <u>Jackson</u>, 425 F.3d at 661-62 (citing *NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979) (distinguishing between "good cause" standard found in NLRB regulations and "extraordinary circumstances" standard found in National Labor Relations Act, and noting that "good cause" appears to be less stringent than "extraordinary circumstances").

The Court of Appeals thus went on to state that <u>Rhines</u> now made clear that the district court had been incorrect "in concluding that a stay [of the petitioner's mixed petition] was not warranted due to the absence of 'extraordinary circumstances.'" <u>Jackson</u>, 425 F.3d at 662.  Given the Ninth Circuit's clear and express holding on this issue, this Court, as did the district court in <u>Riner</u>, finds that the application of an "extraordinary circumstances" standard is not required to establish "good cause" under <u>Rhines</u>.  While, as discussed above, the district court in <u>Hernandez</u> did apply the "extraordinary circumstances" standard, it apparently did not consider the impact of <u>Jackson</u>, as no mention of that ruling was made.

The district court in <u>Riner</u> continued its analysis of <u>Jackson</u>, logically concluding as follows:

>    [I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so
>    strict a standard as to require a showing of some extreme and unusual event beyond the
>    control of the defendant.

415 F.Supp.2d at 1210.  As additional support for this conclusion, the <u>Riner</u> court also looked to <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005), in which the United States Supreme Court declared that a petitioner's "confusion over whether or not his petition would be timely filed was 'good cause' for the petitioner to file his unexhausted petition in federal court." 415 F.Supp.2d at 1210.  The <u>Riner</u> court further noted that the "good cause" standard under <u>Rhines</u> had been described as falling "somewhere between the 'lower

ORDER
Page - 5

threshold of unfairness,' and the 'higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." Id. (quoting Baker v. Horn, 383 F.Supp.2d 720, 747 (E.D. Pa. 2005).

As noted above, petitioner in this case claims he relied to his detriment on his understanding that his retained counsel would include all of the relevant issues in his first personal restraint petition. While petitioner questions his retained counsel's actions regarding the filing of his personal restrain petition on the basis of ethical grounds, as opposed to a specific claim of ineffective assistance of counsel, the Court again finds instructive the Jackson court's discussion of this latter issue in relation to the Rhines showing of "good cause" standard:

> The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. . . . Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. . . .
>
> Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in Baker and the Ninth Circuit in Jackson support this Court's conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition <u>requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence</u>.

415 F.Supp.2d at 1210-11 (emphasis added).

This Court finds the Jackson court's analysis to be persuasive. Under that analysis, furthermore, the Court finds petitioner has met the Rhines requirement of establishing the existence of "good cause." That is, he apparently relied in good faith for nearly a year on the fact that his father had retained counsel on his behalf for the purpose of filing a personal restraint petition regarding his sentence and conviction. It was not unreasonable for petitioner to have assumed such counsel would adequately represent him, at the very least by including all relevant issues in that petition. It also appears that petitioner did not have any knowledge of the unexhausted claim's existence until sometime after his retained counsel withdrew from representing him.

As discussed above, if petitioner is not granted a stay and abeyance in this case, he would have to choose between striking the one unexhausted claim and proceeding solely with his remaining exhausted

1  claims, or returning to state court to fully exhaust all of his claims.  Further, given the amount of time that
2  passed before his first personal restraint petition was filed, it appears petitioner now would run the very
3  real risk, should he choose to return to state court to exhaust his claims, of being barred from filing again in
4  federal court.[2]  Petitioner's motion for stay and abeyance (Dkt. #3), therefore, hereby is GRANTED.
5  Accordingly, this matter hereby is STAYED as of the date of this Order.

6        As noted by the United States Supreme Court, however, "[a] mixed petition should not be stayed
7  indefinitely." Rhines, 544 U.S. at 277.  Thus, a district court "should place reasonable time limits on a
8  petitioner's trip to state court and back." Id. at 278 (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir.
9  2001) (stating that district courts should explicitly condition stay on petitioner's pursuing state court
10 remedies within brief interval, normally 30 days, after stay is entered and returning to federal court within
11 similarly brief interval, normally 30 days after state court exhaustion is completed)).  Because petitioner
12 states he currently has a personal restraint petition regarding his unexhausted claim pending in state court,
13 the Court finds it unnecessary to order him to pursue state court remedies within 30 days.

14       The Court, however, does hereby ORDER petitioner to: (1) file a report every **six (6) months** with
15 the Court regarding the status of his pending state personal restraint petition, with the first such report due
16 **July 5, 2007**, unless petitioner files an amended federal *habeas corpus* petition earlier as set forth below;
17 and (2) return to this Court within **thirty (30) days** after exhausting the above unexhausted claim in state
18 court, by filing an amended federal *habeas corpus* petition that includes that claim.

19       The Clerk shall send a copy of this Order to petitioner.
20       DATED this 5th day of January, 2007.

                                                     Karen L. Strombom
                                                     United States Magistrate Judge

---

[2] There is a one-year statute of limitations on filing *habeas corpus* petitions in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Although the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," it "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Dictado, 244 F.3d at 726; Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); 28 U.S.C. § 2244(d)(2).