1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14

ANDRA M. HAGINS,

            Petitioner,

      v.

JOHN GAY, WARDEN,

            Respondent.

Case No.  C06-5676FDB-KLS

ORDER DENYING
PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL

15
16
17
18
19
20
21
22
23
24
25
26
27
28

     This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  This matter is before the Court on plaintiff's filing of a motion for appointment of counsel. (Dkt. #15).  The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

     There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

     In his motion, petitioner requests appointment of counsel on the basis that he is imprisoned, which

will greatly limit his ability to litigate this matter, that the issues involved here are complex, that he does not have access to adequate legal resources, and that he is untrained in the law and has been unable to retain legal counsel on his own.  None of these reasons in themselves, however, constitute a sufficient basis for granting petitioner's motion.

At the outset, it should be noted that petitioner has not requested he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing Section 2254 Cases in the United States District Courts 6(a).  In addition, the Court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. See Rule Governing Section 2254 Cases in the United States District Courts 8(c).  Petitioner also has not shown there is a likelihood of success on the merits, or that the issues involved here are necessarily complex.  Indeed, based on the two petitions and motion for appointment of counsel he has filed, it appears petitioner is quite able to represent himself *pro se*.

The fact that petitioner is imprisoned makes him no different from any other prisoner who seeks federal *habeas corpus* relief.  The same is for the most part true with respect to the statement that he is untrained in the law.  Further, the inability to retain one's own private counsel is not a valid basis for a request to be provided one at government expense.  Although petitioner alleges he does not have access to adequate legal resources, he provides no evidence that this is the case.  Indeed, the citations contained in his motion clearly indicate that he has access to at least some legal resources.  Finally, petitioner has not shown his particular conditions of confinement, as opposed to those to which most inmates in general are subject, are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for appointment of counsel (Dkt. #15) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent[s].

DATED this 6th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2