UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRA M. HAGINS,

        Petitioner,

    v.

JOHN GAY, WARDEN,

        Respondent.

Case No.  C06-5676FDB-KLS

ORDER FOR SERVICE AND RETURN, § 2254 PETITION

On January 5, 2007, the Court granted petitioner's request for a stay and abeyance in this matter, while a second personal restraint petition petitioner stated that he had filed, and that was still pending in state court when he filed his original *habeas corpus* petition in this matter, was resolved. (Dkt. #9).  On August 12, 2007, petitioner filed an amended federal *habeas corpus* petition, in which he indicates there no longer is any such personal restraint petition pending in state court.[1] (Dkt. #14, p. 2).  Accordingly, the

---

[1]The Court notes there is a discrepancy in the post-conviction and sentencing procedural histories set forth in petitioner's original and amended petitions.  In his original petition, petitioner states that the final state court decision regarding his direct appeal was issued on January 14, 2005. (Dkt. #1, p. ¶9(g)).  He further states that he filed his first personal restraint petition on December 27, 2005, which the Washington State Supreme Court denied on October 18, 2006. Id. at 11(a).  Lastly, he states that he filed his second personal restraint petition on July 25, 2006, and that it was still pending before the Washington State Supreme Court when he filed his *habeas corpus* petition in this Court. Id. at 11(b).

    In his amended petition, however, petitioner states that his petition for review of the Washington State Court of Appeals' order affirming his conviction and sentence was denied on January 4, 2005, and that he filed his first personal restraint petition on January 14, 2005, more than eleven months earlier than he stated in his original *habeas corpus* petition. (Dkt. #14, p. 2).  Petitioner further states that his first personal restraint petition was denied on December 27, 2005, the day on which he previously stated he filed his second personal restraint petition, and that his second personal restraint petition, which he filed on July 25, 2006, was denied on October 18, 2006, the date on which he initially had stated his first personal restraint petition was filed.  If what petitioner states in his amended *habeas corpus* petition is true, then he either knew at the time he filed that petition that his second personal

ORDER
Page - 1

Court hereby lifts the stay and abeyance previously granted, and also hereby orders as follows:

(l)  The Clerk shall arrange for service by certified mail upon respondent and the Attorney General for the State of Washington, copies of the petition, and all documents in support thereof.  All costs of service shall be advanced by the United States.  The Clerk shall assemble the necessary documents to effect service.  In addition, the Clerk shall send petitioner a copy of this Order, and the General Order.

(2)  Within forty-five (45) days after such service, respondent(s) shall file and serve an answer in accordance with Rule 5 of the Rules Governing § 2254 Cases in United States District Courts.  As part of such answer, respondent(s) should state whether petitioner has exhausted available state remedies, whether an evidentiary hearing is necessary, and whether there is any issue of abuse or delay under Rule 9.  Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.  Respondent(s) shall file the answer with the Clerk of the Court and serve a copy of the answer upon petitioner.

(3)  The answer will be treated in accordance with Local Rule CR 7.  Accordingly, upon receipt of the answer the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and respondent my file and serve a reply brief  not later than on the Thursday immediately preceding the Friday designated for consideration of the matter.

DATED this 6th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

---

restraint petition already had been denied, in which case it appears he purposefully deceived the Court, or, for whatever reason, he was mistaken with respect to the actual dates concerning his state post-conviction proceedings.

Regardless of which of the above is the more accurate description of what occurred – though the former, needless to say, would be of far greater concern – it now appears, at least based on what petitioner in his most recent filing has told the Court, that all of his claims have been fully exhausted, though the Court does not foreclose the possibility of respondent establishing otherwise in his response.  However, petitioner is warned that should it later be determined that he has been intentionally untruthful in the statements made in his original or amended petition, or in or with respect to any of his other filings in this matter, either past or future, the Court may determine that the imposition of sanctions therefor is appropriate.

ORDER
Page - 2