1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRA M. HAGINS,

                Petitioner,

        v.

JOHN GAY,

                Respondent.

Case No.  C06-5676FDB-KLS

ORDER DENYING
PETITIONER'S MOTION TO
CORRECT SECOND AMENDED
PETITION

This matter is before the Court on petitioner's motion to correct his second amended petition for writ of *habeas corpus*. (Dkt. #23).  After having reviewed petitioner's motion and the balance of the record, the Court hereby finds and orders as follows:

In its order directing service, the Court made the following comments:

> The Court notes there is a discrepancy in the post-conviction and sentencing procedural histories set forth in petitioner's original and amended petitions.  In his original petition, petitioner states that the final state court decision regarding his direct appeal was issued on January 14, 2005. (Dkt. #1, p. ¶9(g)).  He further states that he filed his first personal restraint petition on December 27, 2005, which the Washington State Supreme Court denied on October 18, 2006. Id. at 11(a).  Lastly, he states that he filed his second personal restraint petition on July 25, 2006, and that it was still pending before the Washington State Supreme Court when he filed his habeas corpus petition in this Court. Id. at 11(b).
>
> In his amended petition, however, petitioner states that his petition for review of the Washington State Court of Appeals' order affirming his conviction and sentence was denied on January 4, 2005, and that he filed his first personal restraint petition on January 14, 2005, more than eleven months earlier than he stated in his original habeas corpus petition. (Dkt. #14, p. 2).  Petitioner further states that his first personal restraint petition was denied on December 27, 2005, the day on which he previously stated he

filed his second personal restraint petition, and that his second personal restraint petition, which he filed on July 25, 2006, was denied on October 18, 2006, the date on which he initially had stated his first personal restraint petition was filed.  If what petitioner states in his amended habeas corpus petition is true, then he either knew at the time he filed that petition that his second personal restraint petition already had been denied, in which case it appears he purposefully deceived the Court, or, for whatever reason, he was mistaken with respect to the actual dates concerning his state post-conviction proceedings.

Regardless of which of the above is the more accurate description of what occurred – though the former, needless to say, would be of far greater concern – it now appears, at least based on what petitioner in his most recent filing has told the Court, that all of his claims have been fully exhausted, though the Court does not foreclose the possibility of respondent establishing otherwise in his response.  However, petitioner is warned that should it later be determined that he has been intentionally untruthful in the statements made in his original or amended petition, or in or with respect to any of his other filings in this matter, either past or future, the Court may determine that the imposition of sanctions therefor is appropriate.

(Dkt. #17, p. 1 n. 1).

Petitioner now states in his motion that it was an honest mistake, and that he was not deliberately trying to deceive the Court.  Petitioner further contends that the dates contained in the original petition he filed are true and correct to the best of his knowledge, and requests that those dates be incorporated into the second amended petition.

The second amended petition, however, already has been served on respondent.  In addition, any changes petitioner wishes to make to that petition must be done via a motion to do so, accompanied by a proposed amended petition containing the requested changes.  Petitioner has not done so.  Accordingly, petitioner's motion to correct his second amended petition (Dkt. #23) hereby is DENIED.  Nevertheless, to the extent any issues concerning the above-noted dates have bearing on the merits of petitioner's claims or the ability of this Court to address them, they may be dealt with by respondent and/or petitioner in the answer and reply respectively.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 1st day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2