1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   ANDRA A. HAGINS,
                                                    Case No.  C06-5676FDB-KLS
11                       Petitioner,
                                                    ORDER TO SHOW CAUSE
12              v.

13   JOHN GAY, WARDEN,

14                       Respondent.

15
16
17
18
19
20          This matter is before the Court on petitioner's amended petition for writ of *habeas corpus*

21   pursuant to 28 U.S.C. § 2254. (Dkt. #14).  Respondent has filed an answer, arguing that the petition

22   should be dismissed as untimely. (Dkt. #26).  Petitioner has filed a response thereto. (Dkt. #28).  The

23   Court, having reviewed the amended petition, respondent's answer, petitioner's response and the balance

24   of the record, hereby finds and orders as follows:

25          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year

26   statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody

27   pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28

28   U.S.C. § 2244(d).  Section 2244(d) reads:

ORDER
Page - 1

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

    Petitioner was convicted of murder, arson and robbery, all in the first degree, on June 21, 2002, and he was sentenced to life in prison. (Dkt. #27, Exhibit 1).  Petitioner's conviction and sentence were affirmed by the Washington State Court of Appeals on April 27, 2004. (Id., Exhibit 3).  The Washington State Supreme Court denied petitioner's petition for review of the court of appeals decision on January 4, 2005. (Dkt. #26, p. 2; Dkt. #27, Exhibit 5).  The AEDPA's one-year statute of limitations, therefore, began to run on April 4, 2005. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of certiorari from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of certiorari to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment).

    The statute continued to run for 266 days until December 27, 2005, when petitioner filed his first personal restraint petition. (Dkt. #27, Exhibit 6).  The Washington State Court of Appeals dismissed that petition on June 26, 2006, and the Washington State Supreme Court denied petitioner's petition for

1  review of that dismissal on October 18, 2006. (Id., Exhibits 6 and 7).  In the meantime, on July 25, 2006,

2  petitioner filed a second personal restraint petition, which was dismissed by the court of appeals on

3  January 3, 2006. (Id., Exhibits 7-8).  Petitioner's petition for review of that decision was denied by the

4  Washington State Supreme Court Commissioner on March 30, 2007, and his motion to modify that ruling

5  was denied by the supreme court on July 11, 2007. (Id., Exhibits 10 and 12).

6          Because petitioner continued to seek post-conviction relief in the state courts from December 27,

7  2005, through July 11, 2007, and thus it would appear petitioner still had 99 days to go before exhausting

8  the AEDPA's one-year statute of limitations.  Respondent argues the statute of limitations should not

9  have been tolled during the period petitioner's second personal restraint petition was pending in state

10 court, i.e., the period from December 27, 2005 through July 11, 2007, because it was not properly filed.

11 In support of his argument, respondent relies on case law holding that a state post-conviction petition that

12 is rejected as being untimely by state courts does not toll the AEDPA's one-year statute of limitations.

13         A post-conviction petition rejected as untimely by the state courts is not "properly filed" within

14 the meaning of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).  This is because

15 time limits on post-conviction petitions are "'condition[s] to filing,' such that an untimely petition would

16 not be deemed 'properly filed.'" Id. at 413 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (application properly

17 filed when delivery and acceptance are in compliance with applicable laws and rules governing filings,

18 including time limits on delivery).  Thus, when a post-conviction petition is found to be "untimely under

19 state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)," and the petitioner "is not entitled

20 to statutory tolling." Id. at 417; see also Allen v. Siebert, 128 S.Ct. 2, 4-5 (2007).

21         Respondent points out that the Washington State Court of Appeals dismissed petitioner's second

22 personal restraint petition as untimely under RCW 10.73.090,[1] and that the Washington State Supreme

23 Court Commissioner denied review, because the Washington state court case petitioner relied on to avoid

24 application of that statute had been reversed. (Dkt. #27, Exhibits 8 and 10).  Since the court of appeals

25 decision had dismissed petitioner's personal restraint petition as being untimely, and the decision denying

26 review – the last reasoned opinion provided by the Washington state courts – rejected petitioner's basis

27 _____

28        [1]That statute provides: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1).

1  for challenging that decision, respondent asserts that under <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991), this

2  Court should find him to now be time-barred from filing his federal *habeas corpus* petition.

3      "When a state-law procedural default prevents the state court from reaching the merits of a federal

4  claim, that claim can ordinarily not be reviewed in federal court." <u>Id.</u> at 801.  "State procedural bars . . .

5  however . . . may expire because of later actions by state courts." <u>Id.</u>  "If the last state court to be

6  presented with a particular federal claim reaches the merits," furthermore, that decision "removes any bar

7  to federal-court review that might otherwise have been available." <u>Id.</u>  The Supreme Court in <u>Ylst</u> then

8  went on to address the question of how to determine whether a state court opinion that does not explain

9  the basis for its decision rests on federal law for *habeas corpus* purposes:

10      The consequent question . . . is how federal courts in habeas proceedings are to
11      determine whether an unexplained order (by which we mean an order whose text or
       accompanying opinion does not disclose the reason for the judgment) rests primarily on
12      federal law. . . .

13      . . . Where there has been one reasoned state judgment rejecting a federal claim, later
       unexplained orders upholding that judgment or rejecting the same claim rest upon the
14      same ground. . . . [W]here . . . the last reasoned opinion on the claim explicitly imposes
       a procedural default, we will presume that a later decision rejecting the claim did not
15      silently disregard that bar and consider the merits.

16  <u>Id.</u> at 802-03.  Thus, where one state court has "rested upon a state procedural default," federal courts are

17  to "look through" any "subsequent unexplained denials to that opinion," unless the petitioner "has carried

18  his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal

19  claim." <u>Id.</u> at 806.

20      Here, as noted above, the Washington State Court of Appeals denied petitioner's second personal

21  restraint petition as untimely pursuant to RCW 10.73.090. (Dkt. #27, Exhibit 8).  Washington state law

22  provides six statutory exceptions to the time limit imposed by that statutory provision:

23      The time limit specified in RCW 10.73.090 does not apply to a petition or motion that
       is based solely on one or more of the following grounds:

24      (1) Newly discovered evidence, if the defendant acted with reasonable diligence in
25      discovering the evidence and filing the petition or motion;

26      (2) The statute that the defendant was convicted of violating was unconstitutional on its
       face or as applied to the defendant's conduct;

27      (3) The conviction was barred by double jeopardy under Amendment V of the United
       States Constitution or Article I, section 9 of the state Constitution;

28      (4) The defendant pled not guilty and the evidence introduced at trial was insufficient

ORDER
Page - 4

1    to support the conviction;

2    (5) The sentence imposed was in excess of the court's jurisdiction; or

3    (6) There has been a significant change in the law, whether substantive or procedural,
     which is material to the conviction, sentence, or other order entered in a criminal or
4    civil proceeding instituted by the state or local government, and either the legislature
     has expressly provided that the change in the law is to be applied retroactively, or a
5    court, in interpreting a change in the law that lacks express legislative intent regarding
     retroactive application, determines that sufficient reasons exist to require retroactive
6    application of the changed legal standard.

7    RCW 10.73.100. In his decision denying review, after noting the fact that the court of appeals dismissed

8    petitioner's second petition as being untimely, the Washington State Supreme Court Commissioner ruled

9    in relevant part as follows:

10           To avoid the one-year limit on collateral attack, Mr. Hagins asserts as a
     "significant change in the law" the Court of Appeals opinion in *State v. Crawford*, 128
11   Wn. App. 376, 115 P.2d 387 (2005). The court held there that the defendant was
     denied due process and effective assistance of counsel when he was not notified prior
12   to trial that a conviction would subject him to a life sentence as a persistent offender.
     But this court subsequently reversed the Court of Appeals, holding that there is no due
13   process right to pre-trial notice of a possible life sentence and that counsel's deficient
     performance did not prejudice the defendant. *State v. Crawford*, 159 Wn.2d 86, 93-103,
14   147 P.2d 1288 (2006).
             Here, similarly, Mr. Hagins demonstrate no prejudice. He asserts that, had he
15   known he faced a life sentence, he would have accepted the State's claimed plea offer
     of a 20-year sentence. But since Mr. Hagins committed a homicide, he necessarily
16   committed a "strike" offense. *See* RCW 9.94A.030(29)(a), (k), (l) (all class A felonies
     plus first and second degree manslaughter). As in *Crawford*, Mr. Hagins provides no
17   evidence (nor does he claim) that the prosecutor offered to allow him to plead guilty to
     a nonstrike offense. *See Crawford*, 159 Wn.2d at 100. So even if the prosecutor had
18   offered to recommend a 20-year sentence, the superior court would have been required
     to impose a mandatory life sentence under the persistent offender statute. *Id.* at 101.
19   Thus, Mr. Hagins necessarily would have been sentenced as a persistent offender. In
     these circumstances, Mr. Hagins does not show that, but for his counsel's error, he
20   would have avoided a life sentence. *Id.* at 102.

21   (Dkt. #27, Exhibit 10).

22           This case is somewhat different from that presented in <u>Ylst</u>, in that the Washington State Supreme

23   Court Commissioner set forth the basis for his opinion in his decision denying review. As such, it cannot

24   be said to be a completely unexplained opinion. On the other hand, clearly the issue that was presented to

25   the commissioner was whether the statutory exception to the time limit imposed by RCW 10.73.090 set

26   forth in RCW 10.73.100(6) applied to petitioner's case. The commissioner expressly found that it did not

27   apply, noting in particular the one state court of appeals case petitioner relied on to argue it did had been

28   reversed by the Washington State Supreme Court. Thus, even though the commissioner went on to

ORDER
Page - 5

1  discuss petitioner's case in light of the supreme court's holding in <u>Crawford</u>, there is no question that he

2  agreed petitioner had failed to avoid the RCW 10.73.090 time limit.

3      Given that the Washington State Supreme Court went on to deny petitioner's motion to modify the

4  commissioner's decision denying review without comment (Dkt. #27, Exhibit 12), and applying <u>Ylst</u> to

5  that order, it also is clear the supreme court did not "silently disregard" it.  Accordingly, the Court finds

6  petitioner's second personal restraint petition was rejected as untimely by the Washington state courts.

7  As such, that petition cannot be considered to have been "properly filed" within the meaning of 28 U.S.C.

8  § 2244(d)(2), and therefore it did not toll the one-year statute of limitations.  The Court, however,

9  disagrees that petitioner's amended federal *habeas corpus* petition should be dismissed as untimely.

10      Respondent argues that when the time during which petitioner's second personal restraint petition

11  was pending is discounted for tolling purposes, the AEDPA's statute of limitations continued to run from

12  October 19, 2006, the day after the Washington State Supreme Court denial of his first personal restraint

13  petition, for an additional 294 days until August 8, 2007, the date he signed the *habeas corpus* petition he

14  filed in this Court.  Respondent, however, ignores the fact that the petition petitioner signed on August 8,

15  2007,[2] was the amended petition he submitted (Dkt. #14), and that he had filed his original *habeas corpus*

16  petition on November 17, 2006[3] (Dkt. #1).

17      Although petitioner's second personal restraint petition was still pending in state court at the time

18  he filed his original federal *habeas corpus* petition – and thus constituted a mixed petition containing both

19  exhausted and unexhausted claims – at the same time, petitioner filed a motion for a stay and abeyance in

20  this matter, which the Court granted on January 5, 2007. (Dkt. #9)  By the time the Court issued its order

21  granting the stay and abeyance, the statute of limitations had continued to toll for a total of 78 days after

22  the Washington State Supreme Court denied petitioner's petition for review of the court of appeals denial

23

24      [2]Although the amended petition was date stamped August 13, 2007, by the Clerk, and therefore was actually filed with

25  this Court on that date, it was signed by petitioner on August 8, 2007 (Dkt. #14), presumably also the date he delivered it to prison
authorities for forwarding to the Court. <u>See</u> <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas

26  petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").
Accordingly, the date petitioner signed the petition shall be treated as the date he filed it with this Court.

27      [3]Again, although the original petition was date stamped November 20, 2006, by the Clerk, and therefore was actually filed

28  with this Court on that date, it was signed by the prisoner and deposited in the prison's mail system on November 17, 2006. (Dkt.
#6).  Thus, this is the date petitioner is deemed to have delivered it to prison authorities for forwarding to the Court, and, therefore,
the date petitioner filed it with this Court.

1  of his first personal restraint petition on October 18, 2006, which still left him with 17 days to go.  The

2  stay and abeyance remained in effect until petitioner had exhausted his remaining unexhausted state court

3  claim, and filed an amended petition containing that claim in this Court within 30 days after exhaustion

4  had occurred, which, as noted above, he did.

5        Respondent's mistake, therefore, is in not taking into account, as petitioner points out, the Court's

6  order staying this matter for the aforementioned period of time.  That stay tolled the period of time during

7  which the AEDPA's statute of limitations could run, thereby making petitioner's amended federal *habeas*

8  *corpus* petition timely.  While the Court does recognize, as argued by respondent and as discussed above,

9  that petitioner's second personal restraint petition cannot be considered properly filed, for the reasons set

10  forth above, that does not make his *habeas corpus* petition untimely, though it may raise issues regarding

11  the exhaustion of state court remedies.

12        Public policy, furthermore, dictates that petitioner be allowed to proceed with his federal *habeas*

13  *corpus* petition despite the deficiencies in his second personal restraint petition.  It likely would have been

14  an abuse of the Court's discretion to have denied his request for a stay in this case, as he was able to show

15  good cause for his failure to exhaust the claim he had raised in his second personal restraint petition, that

16  unexhausted claim appeared at least potentially meritorious, and there was no indication he had engaged

17  in "intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005); (Dkt. #9).  Given

18  this, petitioner's "interest in obtaining federal review of his claims" outweighs the AEDPA's "competing

19  interests in finality and speedy resolution of federal petitions." Id.

20        Accordingly, respondent's request to dismiss petitioner's amended petition as untimely hereby is

21  DENIED.  In addition, as respondent has not addressed the merits of the claims petitioner raises in his

22  amended petition, or stated whether petitioner has exhausted all available state remedies and whether an

23  evidentiary hearing is necessary, respondent hereby also shall file by **no later than February 11, 2008**, a

24  supplemental answer doing so, along with all relevant state court records.  Petitioner may file a response

25  thereto by **no later than March 3, 2008**.  Respondent may file a reply to petitioner's response by **no**

26  **later than March 6, 2008**.  The Clerk shall re-note petitioner's amended petition for consideration on

27  **March 7, 2008**.

28

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 14th day of January, 2008.


Karen L. Strombom
United States Magistrate Judge